Anna Y. Park, SBN 164242
Sue Noh, SBN 192134
Rumduol Vuong, SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>KS AVIATION, INC. d/b/a SIERRA ACADEMY OF AERONAUTICS, and Does 1-10 Inclusive,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT—ADA**<br>- **Disability Discrimination (Discharge)**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act ("ADAAA") of 2008, to correct unlawful employment practices based on disability and to provide appropriate relief to Charging Party Norma Garay ("Charging Party"), who was adversely affected by such practices. As set forth with greater particularity in paragraphs 13 to 19 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant KS Aviation,

-1-

Inc. d/b/a Sierra Academy of Aeronautics ("Defendant" or "KS Aviation"), unlawfully discriminated and retaliated against Charging Party due to an actual or perceived disability when KS Aviation discharged her for taking a medical leave of absence.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 107(a) of the ADA, 42 U.S.C. §12117(a) (incorporating the powers, remedies, and procedures set forth in Sections 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5, into ADA enforcement actions).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of California.

**PARTIES**

3. The Commission is an agency of the United States of America, charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA.

4. At all relevant times prior to 2017, Defendant KS Aviation has been a corporation doing business in Merced County.

5. At all relevant times prior to 2017, Defendant KS Aviation as continuously been a corporation doing business in the State of California, and has continuously had at least 15 employees.

6. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or collectively as they become known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

**STATEMENT OF CLAIMS**

7. More than thirty days prior to the institution of this lawsuit, Norma Garay filed a charge of discrimination with Plaintiff alleging violations of ADA by Defendant.

8. On December 21, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure through informal methods of conciliation from Defendant a conciliation agreement acceptable to the Commission.

11. On December 28, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since at least 2017, Defendant has engaged in unlawful employment practices in violations of Section 102 (a) and (b) of ADA, 42 U.S.C. § 12112 (a) and (b), by discharging Charging Party because of her actual or perceived disabilities when Defendant discharged her a little over a month after she returned from a medical leave of absence.

14. In November 2014, Charging Party began working for Defendant as an accounting assistant in the accounting department. Prior to Charging Party's medical leave of absence, she did not receive a negative performance evaluation, was never disciplined or counseled, and was given a pay increase by Defendant.

15. During all relevant time periods, Charging Party suffered from depression, which substantially impacted her major life activities, including but not limited to her ability to think and work.

16. Charging Party requested medical leave from KS Aviation and KS Aviation was informed that Charging Party's leave was due to her depression and a thyroid condition. KS

Aviation approved the leave of absence and Charging Party went on a medical leave of absence from April 1, 2016 to March 15, 2017.

17. Charging Party returned to work from her medical leave of absence on March 15, 2017 without any restrictions. Soon thereafter, Charging Party received her first negative performance evaluation on April 26, 2017 and was discharged two days later on April 28, 2017. Charging Party was discharged due to her disability and in retaliation for having taken a medical leave.

18. Defendant has a policy or practice to allow employees an opportunity training and time to improve their performance after having received a negative evaluation. Charging Party was denied this opportunity as she was discharged two days after her only negative evaluation despite Defendant's policy. Other employees were never even subjected to performance evaluations. The Commission alleges that Charging Party's different treatment was due to her having taken a medical leave.

19. Defendant alleged during the Commission's investigation that Charging Party was discharged due to financial difficulties, which prompted a company layoff. Such reasons are pretextual as Charging Party was not identified in the layoff plan nor were other employees in the accounting department. No other employee outside of Charging Party was laid off for financial reasons in April 2017. Moreover, Defendant retained the services of the individual who they had hired to replace her during her medical leave while discharging Charging Party. Defendant hired additional employees in the accounting department around the same time of Charging Party's discharge, in or about January 2017 and March 2017.

20. The effect of the practices complained of in paragraphs 13 to 19 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affects her status as employees because of her actual or perceived disability.

21. The unlawful employment practices complained of in paragraph 13 to 19 above were intentional and caused Charging Party to suffer emotional distress.

22. The unlawful employment practices complained of in paragraphs 13 to 19 above were and are done with malice or with reckless indifference to the federally protected rights of

Charging Party.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that it would not engage in unlawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

C. Order Defendant to make whole Charging Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D. Order Defendant to make Charging Party whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E. Order Defendant to make Charging Party whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant to pay Charging Party punitive damages for their malicious and/or reckless conduct in an amount to be determined at trial.

G. Award the Commission its costs of this action.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: May 31, 2018                         Respectfully Submitted

                        JAMES LEE,
                        Deputy General Counsel

                        GWENDOLYN YOUNG REAMS,
                        Associate General Counsel

                        U.S. EQUAL EMPLOYMENT
                        OPPORTUNITY COMMISSION
                        131 "M" Street, N.E.
                        Washington, D.C. 20507

By: _____
                        ANNA Y. PARK,
                        Regional Attorney

                        SUE NOH,
                        Supervisory Trial Attorney

                        RUMDUOL VUONG,
                        Supervisory Trial Attorney

                        U.S. EQUAL EMPLOYMENT
                        OPPORTUNITY COMMISSION