# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KS AVIATION, INC. d/b/a SIERRA ACADEMY OF AERONAUTICS,<br><br>Defendant.<br>_____/ | Case No. 1:18-cv-00744-LJO-SKO<br><br>**ORDER GRANTING MOTION TO COMPEL DEFENDANT TO PRODUCE INITIAL DISCLOSURES AND GRANTING IN PART REQUEST FOR SANCTIONS**<br><br>(Doc. 19) |

## I. INTRODUCTION

On November 13, 2018, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") filed a motion to compel Defendant KS Aviation, Inc. d/b/a Sierra Academy of Aeronautics' initial disclosures and for monetary sanctions (the "Motion"), based on Defendant's complete failure to provide initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and the Court's Scheduling Order entered October 23, 2018. (Doc. 19.) Defendant has not filed an opposition to the Motion.

After having reviewed the motion and supporting documents, the matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court vacated the hearing set for November 28, 2018. (Doc. 20.) For the reasons set forth below, Plaintiff's motion Plaintiff's motion to compel is GRANTED and the request for appropriate sanctions is GRANTED IN PART.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On May 31, 2018, Plaintiff filed a complaint against Defendant alleging disability discrimination in violation of Sections 102(a) and (b) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112(a) and (b). (Doc. 1.) Plaintiff alleges that Defendant violated the ADA by discharging former employee Norma Garay shortly after she returned from a medical leave of absence. (*Id*. at ¶ 13.) Plaintiff seeks injunctive relief in the form of a consent decree; back pay, front pay, compensatory damages, and punitive damages for Ms. Garay; and recovery of Plaintiff's costs in bringing this action. (*Id*. at 5.)

The Court held a scheduling conference on October 11, 2018, and entered its Scheduling Order on October 23, 2018. (Docs. 14, 17.) The Scheduling Order required, *inter alia*, that the parties "exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before October 25, 2018." (Doc. 17 at ¶ 4.) Plaintiff provided its initial disclosures to Defendant on October 23, 2018. (Doc. 19, Ex. 4.)

On October 25, 2018, Plaintiff's counsel called and left a message for defense counsel, informing him that Plaintiff had not received Defendant's initial disclosures. (*See* Doc. 19, Ex. 2, Affidavit of James Mugridge ("Mugridge Aff.") at ¶ 4.) Plaintiff's counsel sent defense counsel a follow-up email on October 29, 2018, explaining that the parties "were required to exchange Rule 26(a)(1) initial disclosures on October 25, 2018," and that Defendant's disclosures had not yet been received. (*See id*. at ¶ 5; Doc. 19, Exh. 3.) Plaintiff's counsel requested that Defendant "[p]lease confirm that [the initial disclosures] are either in the mail" or would be sent that week. (*See id*.)

Plaintiff's counsel again called defense counsel regarding the initial disclosures on October 30, 2018, and left a message asking that he return the call. (Mugridge Aff. at ¶ 6.) On November 1, 2018, Plaintiff's counsel sent defense counsel a letter again advising him of the failure to provide initial disclosures and requesting that he make the required disclosures by November 5, 2018. (*See id*. at ¶ 7; Doc. 19, Exs. 4 & 5.) The letter advised defense counsel that if he failed to respond and Plaintiff had to involve the Court, it would seek sanctions against him and to recover attorney fees. (*See id*.).

On November 7, 2018, another of Plaintiff's counsel reached defense counsel by telephone.

(*See* Doc. 19, Exh. 8, Affidavit of Sue Noh ("Noh Aff.") at ¶ 4.) During that call, defense counsel acknowledged that he had received Plaintiff's repeated communications regarding Defendant's failure to produce initial disclosures. (*See id*.) Defense counsel also indicated that "he had a filing due at midnight" and asked if counsel could "call him back late in the day on November 8, 2018, after he had completed his filing," to which Plaintiff's counsel agreed. (*See id*.)

On November 8, 2018, just before the close of business, two of Plaintiff's counsel called defense counsel, as he requested. Defense counsel did not answer either call and Plaintiff's counsel was unable to leave a message due to the voicemail box being full. (*See* Mugridge Aff. at ¶ 10; Noh Aff. at ¶ 5.) To date, defense counsel has neither contacted Plaintiff regarding the required disclosures, nor made those disclosures. (*See* Mugridge Aff. at ¶ 9.)

### III. DISCUSSION

**A. Initial Disclosures**

**1. Legal Standards**

Rule 26(a)(1) sets forth the disclosures that a party must provide without awaiting a discovery request unless exempted, stipulated or ordered by the court. *See* Fed. R. Civ. P. 26(a)(1). Where a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Specifically, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it. Fed. R. Civ. P. 16(d). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations omitted). Disregard of the terms of the scheduling order "undermine[s] the court's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and the cavalier." *Id*.

**2. Analysis**

In its Scheduling Order, the Court ordered the parties to "exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before October 25, 2018." (Doc. 17.) Plaintiff asserts in the Motion it has not, to date, received Plaintiff's initial disclosures. (*See* Doc. 19, Ex. 1.) In support of the Motion, Plaintiff submits the affidavits of counsel, which, as set forth above, detail and attach numerous., good faith attempts to contact defense counsel by letter, email, and telephone in order to obtain Defendant's initial disclosures without Court involvement. (*See* Mugridge Aff.; Noh Aff.)

Local Rule 251(e) provides that a party responding to a motion to compel discovery "shall file a response . . . not later than seven (7) days before the hearing date." L.R. 251(e). Here, Defendant was afforded an opportunity to be heard in opposition to the Motion and failed to file any response whatsoever. (*See also* Rule 37 advisory committee's note, 1993 amendments (an opportunity to be heard includes both written submissions and oral hearings).) Defendant has therefore waived any objection to the Motion. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). Plaintiff, on the other hand, provides ample evidence that Defendant did not provide initial disclosures, despite Plaintiff's repeated requests, to avoid filing the present Motion. Under the circumstances, Plaintiff is entitled to the Rule 26(a)(1) initial disclosures from Defendant. The Court will therefore grant the Motion insofar as it seeks to compel Defendant to serve the required disclosures.

**B. Sanctions**

**1. Legal Standards**

As noted, Rule 37(a)(3)(A) permits a party to seek sanctions when the other party fails to provide Rule 26(a) initial disclosures. Further,

> [if] a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) *may order payment of the reasonable expenses, including attorney's fees, caused by the failure*.

Fed. R. Civ. P. 37(c)(1)(A) (emphasis added). In that vein, Local Rule 110 also provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.

### 2. Analysis

Plaintiff requests sanctions under Fed. R. Civ. P. 37(a)(3)(A) in the amount of $1,695.00 for counsel's time spent on tasks related to the Motion. (Doc. 19, Ex. 1 at 2, 5–6.) Again, Defendant did not respond to Plaintiff's efforts to resolve this issue without Court involvement. This failure was not harmless because it adversely affected Plaintiff's ability to prosecute this case. *See, e.g., R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012) ("A major purpose of the initial disclosure requirements is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information.") (quotations and citation omitted). Defendant's noncompliance with the Court's Scheduling Order and nonresponse to Plaintiff's communications caused Plaintiff to file the Motion and incur fees as a result. Although Local Rule 251 required Defendants to file a response to the motion to compel, Defendants did not file a response to the Motion. Therefore, Defendant had the opportunity to be heard regarding Plaintiff's request for sanctions. Defendant has provided no justification for failing to make the Rule 26(a)(1) initial disclosures and has provided no response to Plaintiff's request for sanctions. The Court finds that Plaintiff is entitled to sanctions for some of the fees it incurred bringing the Motion.

EEOC Trial Attorney James Mugridge, Esq., avers that he spent 1 hour attempting to contact defense counsel regarding the initial disclosures and 4 hours preparing the Motion and his supporting affidavit. (Mugridge Aff. at ¶¶ 11–12.) At a requested rate of $225 an hour, for 5 hours, Mr. Mugridge's attorney's fees amount to $1,125.00. (*See id*. *See also* Doc. 19, Ex. 1 at 5–6.) EEOC Supervisory Trial Attorney Sue Noh, Esq., avers that she spent 1.5 hours reviewing the Motion, preparing her supporting affidavit, and "calling and speaking to [defense counsel]," at a requested billable rate of $380 an hour. (Noh Aff. at ¶ 6. *See* Doc. 19, Ex. 1 at 5–6.) Ms. Noh therefore requests attorney's fees in the amount of $570.00.

| | |
|---|---|
| 1 | The Court finds that the $1,125.00 in fees described in Mr. Mugridge's affidavit is |
| 2 | reasonable; however, the 1.5 hours requested by Ms. Noh is excessive, considering the straight- |
| 3 | forward nature of the Motion prepared by Mr. Mugridge, the length of Ms. Noh's affidavit, and the |
| 4 | fact that she spoke only briefly to defense counsel (as her other call went unanswered). (*See* Noh |
| 5 | Aff. at ¶¶ 4,5.) The Court will therefore deduct .50 hours from Ms. Noh's time to reflect a more |
| 6 | reasonable amount of time spent on the tasks performed by Ms. Noh. *See Hensley v. Eckerhart*, 461 |
| 7 | U.S. 424, 433–34 (1983) (attorney hours requested may be reduced where expenditure of time |
| 8 | deemed excessive, duplicative, or otherwise unnecessary). |
| 9 | In sum, given Defendant's blatant refusal to comply with both the Federal Rules and the |
| 10 | Court's Scheduling Order, despite the opportunity to do so, the Court will grant in part Plaintiff's |
| 11 | request for sanctions and order Defendant to pay Plaintiff the amount of $1,505.00. *See Yeti by* |
| 12 | *Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("[W]e give particularly |
| 13 | wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)"). |

**IV.  CONCLUSION**

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff United States Equal Employment Opportunity Commission's motion to compel is GRANTED and the request for appropriate sanctions is GRANTED IN PART (Doc. 19);

2. Defendant KS Aviation, Inc. d/b/a Sierra Academy of Aeronautics shall serve complete initial disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **December 19, 2018**;

3. Defendant shall pay $1,505.00 to Plaintiff no later than **December 19, 2018**; and

4. Defendant is forewarned that failure to comply with this order and future failures to comply with discovery obligations will result in further sanctions, which may include, but not limited to monetary sanctions and default.

IT IS SO ORDERED.

Dated:  **December 3, 2018**             /s/ *Sheila K. Oberto*  
                                         UNITED STATES MAGISTRATE JUDGE