# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KS AVIATION, INC. d/b/a SIERRA ACADEMY OF AERONAUTICS,<br><br>Defendant.<br>_____/ | Case No. 1:18-cv-00744-LJO-SKO<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILING TO COMPLY WITH THE COURT'S ORDER AND SETTING HEARING<br><br>**(Doc. 35)** |

## **INTRODUCTION**

On March 7, 2019, the Court held a telephonic conference to set a settlement conference, pursuant to the court's order issued March 5, 2019 (Doc. 35). James Mugridge, Esq., appeared on behalf of Plaintiff, U.S. Equal Employment Opportunity Commission. Defendant's attorney, Michael Abbott, Esq., failed to appear. As set forth below, this is not the first time Defense counsel has caused the needless expenditure of Plaintiff's time and the Court's limited resources by failing to comply with a court order.

## **BACKGROUND**

On October 11, 2018, the Court held a scheduling conference to set a schedule in the case. (*See* Doc. 14.) Following the conference, and pursuant to the parties' agreement, the Court issued a minute order directing the parties to file a waiver of disqualification by 5:00 p.m. on October 11, 2018, to allow the assigned magistrate judge to conduct the settlement conference in the case. (Doc.

14.) Plaintiff filed its waiver in a timely manner. (Doc. 15.) Defendant did not file its waiver until October 22, 2018—eleven days after the deadline agreed to by the parties at the scheduling conference. (Doc. 16.) The Court issued a Scheduling Order on October 23, 2018, setting forth various discovery and other pretrial deadlines, and set a settlement conference on February 26, 2019 before the undersigned. (Doc. 17.)

On November 13, 2018, Plaintiff a filed a motion to compel production of initial disclosures as required by Rule 26 of the Federal Rules of Civil Procedure and the Court's Scheduling Order, which included a deadline of October 25, 2018, for initial disclosures. (Doc. 19.) According to Plaintiff's motion, Plaintiff attempted to reach Defendant by telephone on four occasions, as well by email and post mail, prior to filing the motion compel, but Defendant never provided the required disclosures. (*Id.* at 2–3.) Defendant did not file an opposition to Plaintiff's motion to compel. On December 4, 2018, the Court granted Plaintiff's motion to compel and ordered Defendant to pay $1,505.00 in sanctions for defense counsel's "blatant refusal to comply with both the Federal Rules and the Court's Scheduling Order, despite the opportunity to do so[.]" (Doc. 22 at 6.)

On December 27, 2018, the Court granted Plaintiff's unopposed motion to stay the case due to the shutdown of operations of the federal government and lapse in appropriations. (Doc. 28.) Following a notice by Plaintiff of restoration of government funding, which was served on Defendant via the Court's case management and electronic court filing ("CM/ECF") system, the Court lifted the stay on January 30, 2019, and extended certain deadlines on the Scheduling Order to accommodate the delay from the government shutdown. (Doc. 30.) The settlement conference remained set for February 26, 2019.

On December 28, 2018, the Court issued an Order re Settlement Conference, which was served on Defendant via CM/ECF, ordering the parties to submit a confidential settlement statement to the Court by February 19, 2019. (Doc. 29 at 2.) The Court timely received the confidential settlement statement from Plaintiff on February 19, 2019. (Doc. 32.) Plaintiff's submission reflected a lack of response by Defendant to Plaintiff's meet and confer attempts—as required by the Order re Settlement Conference. Additionally, Defendant failed to file a confidential settlement conference statement, or otherwise inform that Court that he would be unable to comply with the

2

Order re Settlement Conference.

On February 21, 2019, the Court vacated the settlement conference and issued an order to show cause why sanctions should not issue against Defendant for the failure to meet and confer with Plaintiff and to submit its confidential statement in compliance with the Order re Settlement Conference. (Doc. 33.) The Court ordered Defendant to respond in writing within ten days. (Doc. 33 at 2.)

On March 1, 2019, Defendant responded to the February 21, 2019 order to show cause. (Doc. 34.) According to Defendant, his failure to comply with the Order re Settlement Conference was inadvertent as he "mistakenly believed that the scheduling order of this Court was still in abeyance" due to a mix-up between the previous stay in this case and a notice he received from District Court for the Northern District of Illinois. (Doc. 34 at 2.)

Taking Defendant at his word, on March 5, 2019, the Court discharged the February 21, 2019 order to show cause, and set a telephonic conference for March 7, 2019, to discuss setting a new settlement conference in the case. (Doc. 35.) Defendant failed to appear at the telephonic conference, or otherwise indicate to the Court that he would not be able to comply with the order setting the telephonic conference.

## **CONCLUSION AND ORDER**

This Court spends considerable time preparing for settlement conference so as to make it meaningful to the parties and result in a greater likelihood of settlement success. Settlement is extremely important in this district where the judges have one of the highest caseloads per judge in the United States. They are not pro forma.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 841 (9th Cir. 2000).

In view of Defendant's repeated failure to comply with this Court's orders, the Court HEREBY ORDERS as follows:

1. Defendant is ORDERED to show cause why sanctions should not issue for the failure to appear at the March 7, 2019 telephonic conference as required by the Court's March 5, 2019 order.
2. The parties are ORDERED to appear at a hearing on Wednesday, March 13, 2019, at 2:00 p.m. in Courtroom 7 before the undersigned to allow Defendant to show cause why sanctions should not issue for the failure to comply with a court order.
3. The parties are further ORDERED to be prepared to set a new settlement conference date at the hearing on March 13, 2019.

IT IS SO ORDERED.

Dated: **March 8, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE